UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ET AL., <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Case No. 1:19-cv-00047-ABJ |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff the Cato Institute respectfully submits the attached decision of the United States Court of Appeals for the Fourth Circuit, *Overbey v. Mayor and City Council of Baltimore*, No. 17-2444, slip op. (July 11, 2019), as supplemental authority in support of its Response in Opposition to Defendants' Motion to Dismiss (ECF 13).

*Overbey* is relevant both to Defendants' Rule 12(b)(1) motion to dismiss for lack of standing and to their Rule 12(b)(6) motion to dismiss for failure to state a claim. As to standing, the *Overbey* court held that a newspaper had sufficiently alleged that it had been injured by the City of Baltimore's alleged practice of including nondisparagement clauses in all settlements with individuals who brought claims of police misconduct. The newspaper had sufficiently alleged an injury because it, like the Cato Institute here, alleged that these clauses prevented it from interviewing and publishing the remarks of individuals subject to the orders. Slip op. at 19–24. Notably, the Fourth Circuit directly rejected the argument (also made by Defendants here) that individuals who have entered into speech-suppressing agreements with the government

cannot be "willing speakers" for First Amendment purposes. *Compare id.* at 21 *with* ECF 13 at 5–6.

As to the merits, the Fourth Circuit also held that a nondisparagement clause the city had entered into with a police-misconduct plaintiff was void and unenforceable because the public interest in access to information about public issues outweighs the government's interest (if any) in imposing and enforcing such restrictions on speech. *Overbey*, slip op. at 8–17; *see also id.* at 12 (characterizing the clause as "a government-defined and government-enforced restriction on government-critical speech"). The logic of *Overbey* applies with even more force here because here both the government's interests in the gag order and the bargaining power of the individual subject to the gag order are far weaker. In *Overbey*, the government was demanding speech restrictions *from plaintiffs* in the course of settling a civil suit in which the government was a defendant, whereas in this case the government is demanding speech restrictions *from defendants* as a condition of the government's exercise of its law-enforcement discretion. *Compare* slip op. at 13–16 *with* ECF 13 at 14–15.

Date:  July 12, 2019

Respectfully submitted,

/s/ Robert McNamara

Robert J. McNamara (VA Bar No. 73208)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Telephone: (703) 682-9320
Facsimile: (703) 682-9321
Email: rmcnamara@ij.org

Jaimie N. Cavanaugh (MN Bar No. 399960)*
INSTITUTE FOR JUSTICE
520 Nicollet Mall, Suite 550
Minneapolis, Minnesota 55402
Telephone: (612) 435-3451
Facsimile: (612) 435-5875
Email: jcavanaugh@ij.org

*Attorneys for Plaintiffs*
*admitted *pro hac vice*