UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>                     Plaintiff,<br><br>         v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>                     Defendants. | Civil Action No. 1:19-cv-00047-ABJ |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Fourth Circuit decision submitted as supplemental authority by Cato Institute, *Overbey v. Mayor and City Council of Baltimore* (No. 17-2444) (July 11, 2019), does not aid the standing or merits arguments that it presented in opposing the Commission's motion to dismiss.

*Overbey* addressed the Article III standing of a newspaper alleging that a plaintiff who brought a police-misconduct suit could not speak with the newspaper due to a clause in her out-of-court settlement with Baltimore. Slip Op. at 19-23. Cato is not similarly situated because, as it alleged (Am. Compl. ¶¶ 34-36, 42-48), the unnamed settling defendants already communicated with Cato about the Commission actions against them. And while a breach of the Baltimore settlements allowed the city to claw back half of the proceeds, the consequence of breaching a Commission consent judgment is that the original court *may* agree to reinstate the case *if* the Commission seeks that relief. Because such a supposed injury is conjectural, Cato lacks Article III standing. Moreover, the *Overbey* court did not address prudential standing, ripeness, or comity, all of which justify dismissal regardless of whether Cato has Article III standing.

On the merits, *Overbey* confirms that dismissal is appropriate. Cato's main contention is that no-deny provisions in Commission consent judgments are per se unconstitutional, but

*Overbey* confirmed that "[i]t is well-settled that a person may choose to waive certain constitutional rights pursuant to a contract with the government." Slip Op. at 10, citing *Lake James Cmty. Volunteer Fire Dep't, Inc. v. Burke City*, 149 F.3d 277, 280 (4th Cir. 1998). Over a dissent, the majority struck down the Baltimore settlements based on a balancing of policy interests that cannot be separated from the police-misconduct context in which they arose.

The differences between the Baltimore settlements and the Commission consent judgments are stark. First, Baltimore's stated policy interests, such as officers clearing their names, *id*. at 13-15, differ materially from the Commission's interest in avoiding public confusion about the factual bases for its actions, ensuring that denials do not undercut the deterrent effect of describing the allegations, as well as the judicially established federal policy favoring settlement by consent decree. Second, Commission no-deny provisions are more tailored to advance these interests. Unlike in *Overbey*, where a plaintiff would lose half the settlement, with no ability to reinstate a claim, for disparaging the City or revealing anything other than the settlement's existence, Slip Op. at 4, a defendant would breach a Commission consent judgment only by publicly denying the allegations in the complaint, which would raise the *possibility* of a court reinstating the matter and returning the parties to their original positions. Third, the *Overbey* majority focused on the policy ramifications of silence following out-of-court settlement of police-misconduct claims. Slip Op. 12-16. By contrast, consent judgments are approved by courts, which then retain jurisdiction over their enforcement. Whereas Baltimore retained "the unilateral ability to determine whether" the plaintiff violated the settlement agreement and to refuse to give the settling plaintiff the full settlement amount, *id*. at 12, a breach of a no-deny provision affords the Commission the opportunity to ask a court to vacate the judgment.

Dated:  July 17, 2019                    Respectfully submitted,

    By:     */s/  Matthew S. Ferguson*
MATTHEW S. FERGUSON
Senior Counsel
MELINDA HARDY
Assistant General Counsel
JEFFREY A. BERGER
Senior Litigation Counsel

U.S. Securities and Exchange Commission
Office of the General Counsel
100 F Street NE
Washington, DC 20549

FergusonMA@sec.gov
202-551-3840 (Ferguson)
Fax: 202-772-9263

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I served the foregoing Response to Plaintiff's Notice of Supplemental Authority upon the counsel for Plaintiff via ECF.

                                          */s/ Matthew S. Ferguson*
                                          MATTHEW S. FERGUSON
                                          Senior Counsel
                                          U.S. Securities and Exchange Commission
                                          Office of the General Counsel
                                          100 F Street NE
                                          Washington, DC 20549
                                          FergusonMA@sec.gov
                                          202-551-3840
                                          Fax: 202-772-9263